MEMORANDUM **
Claimant Lorrie Beck appeals from an adverse judgment on her claims for Social Security Disability Benefits and Supplemental Security Income. On de novo review, Edlund v. Massanri, 253 F.3d 1152, 1156 (9th Cir.2001), we affirm.
1. Substantial evidence supports the administrative law judge’s (“ALJ”) finding that Claimant’s sleep apnea and depression with anxiety are not severe impairments.
A sleep study in May 2003 resulted in a diagnosis by Drs. Lefor and Libby of “moderate” apnea. Claimant failed to follow the treatment plan that they recommended. But the record shows that, if properly treated, Claimant’s sleep apnea would be controlled effectively. See Warre v. Comm’r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir.2006) (holding that an impairment that can be controlled effectively is not disabling for social security purposes).
With respect to Claimant’s mental health, the record supports the ALJ’s finding that the medical records, specifically those of Drs. Cleary and Rethinger, do not indicate any severe problems.
2. The ALJ permissibly found that Claimant was not credible. The medical evidence and Claimant’s testimony regarding her daily activities provide substantial evidence for that finding. For *458 example, none of Claimant’s physicians reported debilitating symptoms. With regard to activities, Claimant’s out-of-state travels and regular swimming contradicted her subjective complaints of pain and lack of mobility. In addition, Claimant reported “unbearable” pain but stated elsewhere that her pain was at level two on a scale from one to ten. And she failed to follow a recommended treatment plan for sleep apnea. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir.1996) (holding that an unexplained failure to follow prescribed treatment can cast doubt on a claimant’s testimony).
3. The ALJ gave germane reasons, Lewis v. Apfel, 236 F.3d 503, 510-12 (9th Cir.2001), for rejecting in part the statements of Claimant’s husband, former co-worker, and friend. Claimant’s husband worked full-time outside the home and could not observe her during much of the day. The co-worker’s opinion that Claimant could not perform her past work did not necessitate a finding that she could not work at all. The friend’s testimony was inconsistent with Claimant’s own and, in fact, supported the ALJ’s finding that Claimant is more able than she asserts. The ALJ also properly gave greater weight to the medical evidence.
3. The ALJ properly evaluated Claimant’s residual functional capacity. He discussed the relevant evidence and relied on the findings of treating, examining, and reviewing physicians and psychologists. The ALJ permissibly discounted Dr. Cleary’s treatment note that Claimant is “disabled,” because Dr. Cleary acknowledged that the limitations he reported rested on Claimant’s subjective complaints, which the ALJ had properly discounted. See Bayliss v. Barnhart, 427 F.3d 1211, 1216-17 (9th Cir.2005) (holding that an ALJ may reject a physician’s finding that is unsupported by the record or premised on a claimant’s properly discredited subjective complaints).
5. The ALJ did not err in concluding that Claimant could perform her past work as a medical laboratory assistant. Claimant argues that the assessment of her residual functional capacity was incorrect, but we hold to the contrary. A vocational expert testified (consistent with information contained in the Dictionary of Occupational Titles) that Claimant’s past work is sedentary and semiskilled, and the medical records show that such work is within Claimant’s capabilities.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.